# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# BEAUFORT DIVISION

| | |
|---|---|
| Carol Ann Compton, ) | |
| ) | Civil Action No. 9:18-cv-01173-JMC |
| Plaintiff, ) | |
| ) | **ORDER** |
| v. ) | |
| ) | |
| Andrew M. Saul, Commissioner of Social ) | |
| Security,[1] ) | |
| ) | |
| Defendant. ) | |
| ) | |

This matter is before the court upon review of the Magistrate Judge's Report and Recommendation ("Report") filed on March 22, 2019 (ECF No. 16). The Report addresses Plaintiff's claim for disability benefits and recommends that the court reverse the decision of the Commissioner of Social Security Administration ("the Commissioner") and remand the action for further administrative proceedings. (ECF No. 16 at 9.) For the reasons set forth below, the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16), **REVERSES** the decision of the Commissioner of Social Security Administration, and **REMANDS** the action for further administrative proceedings

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates

---

[1] On June 17, 2019, Andrew M. Saul became the Commissioner of Social Security Administration. *See* Jim Borland, *Social Security Welcomes its New Commissioner*, SOC. SEC. ADMIN.: BLOG (June 17, 2019), https://blog.ssa.gov/social-security-welcomes-its-new-commissioner/. Thus, Andrew M. Saul is automatically substituted as a party in the instant matter. *See* Fed. R. Civ. P. 25(d) ("The officer's successor is automatically substituted as a party. Later proceedings should be in the substituted party's name, but any misnomer not affecting the parties' substantial rights must be disregarded."). The court directs the Clerk of Court for the United States District Court for the District of South Carolina to substitute Andrew M. Saul as the Commissioner of Social Security Administration for all pending social security cases.

herein without a full recitation. (ECF No. 16.) As brief background, Plaintiff filed an application for Disability Insurance Benefits ("DIB") on September 7, 2016, alleging disability beginning on August 26, 2016, due to back problems, shoulder pain, post-traumatic stress disorder ("PTSD"), and depression. (ECF No. 10-6 at 2–5.) Plaintiff's application was denied initially. (ECF No. 16 at 1.) After a hearing was held on October 24, 2017, an administrative law judge ("ALJ") determined, on January 24, 2018, that Plaintiff had the residual functional capacity ("RFC") to perform light work as defined in 20 C.F.R. § 404.1567(b). (ECF No. 10-2 at 3, 26, 38.) More specifically, the ALJ found that Plaintiff could "occasionally climb ramps and stairs[;] . . . never climb ladders, ropes, and scaffolds[;] . . . occasionally stoop, kneel, and crouch[;] . . . never crawl[;] . . . and frequently engage in overhead reaching." (*Id*. at 26.) Additionally, the ALJ established that Plaintiff could "engage in simple, routine tasks" with "occasional interaction with supervisors and coworkers," but that Plaintiff "should never have contact with the public." (*Id*.) The ALJ ultimately denied Plaintiff's disability benefits on this basis because Plaintiff was not disabled for purposes of the Social Security Act ("the Act"). (*Id*. at 31.) Plaintiff's request for the Appeals Council ("the Council") to review the ALJ's decision was denied on March 14, 2018. (*Id*. at 2.) Thus, the ALJ's decision became the final decision of the Commissioner. *See Meyer v. Astrue*, 662 F.3d 700, 704 (4th Cir. 2011) (stating that an ALJ's decision was the final decision of the Commissioner when the Council denied a request for review); *Higginbotham v. Barnhart*, 405 F.3d 332, 336 (5th Cir. 2005) (holding that the Commissioner's "final decision" includes when the Council denies a request for review). Plaintiff filed the instant action on April 30, 2018. (ECF No. 1.)

In the Report, the Magistrate Judge concluded that "the ALJ erred by relying on the [vocational expert's] testimony in reaching his decision." (ECF No. 16 at 4.) Specifically, the

Report notes that the DOT[2] requirements for the GED reasoning level two jobs appear to be in conflict with the limitations the ALJ placed on Plaintiff's RFC. (*Id*. at 9.) Nevertheless, the vocational expert ("VE") testified that Plaintiff's RFC would allow her to perform these GED reasoning level two jobs. (*Id*.) The Report further notes that the ALJ failed to comply with recent precedent from the United States Court of Appeals for the Fourth Circuit by not asking "the VE for an explanation of how Plaintiff could perform the three jobs identified by the VE with this reasoning level requirement." (*Id*. at 7 (citing *Thomas v. Berryhill*, 916 F.3d 307, 313 (4th Cir. 2019)).) Upon reaching a conclusion regarding the ALJ, the Report ultimately recommended that the court reverse the decision of the Commissioner and remand the action for further administrative proceedings. (*Id*. at 9.)

The parties were apprised of their opportunity to file specific objections to the Report on March 22, 2019. (*Id*. at 11.) On April 4, 2019, the Commissioner filed an Objection to the Report and argued that there is no discrepancy between Plaintiff's RFC and the GED reasoning level two jobs identified by the VE. (ECF No. 17 at 3.) The Commissioner maintains that there cannot be such a discrepancy because Plaintiff's RFC does not characterize the level of detail pertinent to the *instructions* Plaintiff was capable of following. (*Id*. at 2–3.) Moreover, the Commissioner maintains that the ALJ's decision was based on substantial evidence. (*Id*. at 6–7.) The Commissioner urges the court to reject the Report and affirm the ALJ's decision. (*Id*.) Plaintiff responded to the Commissioner on April 18, 2019. (ECF No. 19.) Plaintiff argues that there is a

---

[2] The DOT is "a publication of the United States Department of Labor that contains descriptions of the requirements for thousands of jobs that exist in the national economy." *Burns v. Barnhart*, 312 F.3d 113, 119 (3rd Cir. 2002). "[T]he DOT, in its job description, represents approximate *maximum* requirements for each position rather than the range." *See Fenton v. Apfel*, 149 F.3d 907, 911 (8th Cir. 1998) (emphasis in original).

3

conflict between the jobs identified by the VE and the ALJ's RFC limitation to "simple, routine tasks" and that the court should therefore adopt the Report. (*Id*. at 1.)

## II. STANDARD OF REVIEW

The Report is made in accordance with 28 U.S.C. § 636(b)(1) and Local Civil Rule 73.02 for the District of South Carolina. The Magistrate Judge makes only a recommendation to this court, which has no presumptive weight. *See Mathews v. Weber*, 423 U.S. 261, 270–71 (1976). The responsibility to make a final determination remains with this court. *Id*. The court is charged with making a *de novo* determination of those portions of the Report to which specific objections are made. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005). The court may accept, reject, or modify, in whole or in part, the Magistrate Judge's recommendation or recommit the matter with instructions. *See* U.S.C. § 636(b)(1).

The Act provides that "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive . . . ." 42 U.S.C. § 405(g). While the court is free to conduct a *de novo* review of the Report, the court's review of the Commissioner's final decision is "limited to determining whether the findings are supported by substantial evidence and whether the correct law was applied." *Walls v. Barnhart*, 296 F.3d 287, 290 (4th Cir. 2002) (citing *Hays v. Sullivan*, 907 F.2d 1453, 1456 (4th Cir. 1990); *Preston v. Heckler*, 769 F.2d 988, 990 (4th Cir. 1985)). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than a preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964). When assessing whether the ALJ possessed substantial evidence, the court may not "re-weigh [sic] conflicting evidence, make credibility determinations, or substitute [its] judgment for that of the [Commissioner]." *Mastro v. Apfel*, 270 F.3d 171, 176 (4th Cir. 2001) (quoting *Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996)). As such, the court is tasked with a "specific and narrow" review

under the Act. *Blalock v. Richardson*, 483 F.2d 773, 775 (4th Cir. 1972).

The United States Court of Appeals for the Fourth Circuit has held that an ALJ's decision cannot be based on substantial evidence when there is an apparent, unresolved conflict between the DOT definition of a job and a plaintiff's RFC. *See Pearson v. Colvin*, 810 F.3d 204, 209–10 (4th Cir. 2015) (citing SSR 00–4p, 2000 WL 1898704, at *4 (Dec. 4, 2000)). Therefore, in order for the ALJ's record to be fully-developed and based on substantial evidence, the ALJ must resolve any apparent conflict between a plaintiff's RFC and the DOT definition of jobs recommended by the VE. *See id*.

### III. DISCUSSION

The Commissioner essentially makes one objection to the Report. (ECF No 17 at 1.) The Commissioner argues that the Report errs by concluding that there is an apparent conflict between Plaintiff's RFC and the DOT definition for GED reasoning level two jobs. (*See id*. at 1.) The Commissioner therefore argues that the Report erred by concluding that the ALJ should have obtained an explanation from the VE as to how Plaintiff could perform GED reasoning level two jobs. (*See id*. at 1–3.) The court considers the Objection in turn.

The Commissioner's Objection rests exclusively on an attempt to distinguish Plaintiff's case from *Thomas v. Berryhill*, where the Fourth Circuit held that there is an apparent conflict between an RFC allowing "short, simple instructions" and jobs including "detailed but uninvolved instructions." 916 F.3d at 313–14. The crux of the Commissioner's argument is that the RFC at issue in *Thomas*, "short, simple instructions," is different from Plaintiff's RFC, "simple, routine tasks," so the Commissioner argues that Plaintiff's case does not require the "apparent conflict" inquiry required by *Thomas*. (*See* ECF No. 17 at 1–3.)

The RFC that the ALJ established for Plaintiff states that she is capable of completing

5

"short, routine tasks," and, following Fourth Circuit precedent recently established by *Thomas*, this court is constrained to hold that there is an apparent conflict between Plaintiff's RFC and GED reasoning level two jobs. 916 F.3d at 313–14. The court in *Thomas* held that there is a conflict between an RFC limiting a plaintiff to "short, simple instructions" and GED reasoning level two jobs. 916 F.3d at 313–14. The RFC at issue in *Thomas* is extraordinarily similar to Plaintiff's RFC in this situation because both either involve a claimant's ability to complete "short, routine tasks" or to understand "short, simple instructions." (*Compare* ECF No. 10-6 at 22, *with Thomas*, 916 F.3d at 313–14.) In fact, the only real difference between the two phrases is the word "task" versus the word "instruction." (*Compare* ECF No. 10-6 at 22, *with Thomas*, 916 F.3d at 313–14.) Clearly, in order to complete a short, routine task, Plaintiff must also be capable of performing short, simple instructions. *See generally Moore v. Astrue*, 623 F.3d 599, 604 (8th Cir. 2010) ("There is no direct conflict between 'carrying out simple job instructions' for 'simple, routine and repetitive work activity' . . . ."). Moreover, if, as the Commissioner argues, the ALJ "simply did not characterize the level of detail pertinent to the *instructions* Plaintiff was capable of performing," then the ALJ failed to address the kind of instructions Plaintiff was capable of performing, and, therefore, the ALJ failed to fully develop the record. (ECF No. 17 at 3; *see also Radford v. Colvin*, 734 F.3d 288, 294–95 (4th Cir. 2013).) Because the ALJ's failure to directly address the level of instruction Plaintiff is capable of following amounts to a failure to fully develop the record, the ALJ's decision is not based on substantial evidence. *See Pearson*, 810 F.3d at 209–10.

In defending his position, the Commissioner cites to an unpublished case from the United States Court of Appeals for the Ninth Circuit and to a number of unpublished district court cases from the Fourth Circuit; however, both the Ninth Circuit case and the district court cases were decided before *Thomas*. (*See* ECF No. 17 at 3–4.) Therefore, because of the close similarity

6

between *Thomas* and the case at issue, this court is constrained to follow the reasoning in *Thomas*. For the reasons stated above, this court holds that there is a conflict between Plaintiff's RFC of "simple, routine tasks" and the GED reasoning level two element of "detailed but uninvolved instructions." 916 F.3d at 313–14.

Because there is an apparent conflict between Plaintiff's RFC and the DOT definitions of the jobs identified in the VE's testimony, the ALJ's decision was not based on substantial evidence. *Id*. The Fourth Circuit requires any apparent conflict like the one at issue to be resolved by the ALJ in order for the ALJ's decision to be based on substantial evidence. *See Pearson*, 810 F.3d at 209–10 (citing SSR 00–4p, 2000 WL 1898704, at *4). When the VE testified as to the jobs Plaintiff was capable of working, the ALJ did not ask the VE to clarify the apparent conflict between Plaintiff's RFC and the DOT definitions of the jobs identified by the VE. (*See* ECF No. 10-2 at 26.) Therefore, the ALJ did not resolve the apparent conflict, and the ALJ's decision here was not based on substantial evidence. (*See id*.)

## IV. CONCLUSION

After a thorough review of the Commissioner's Objection (ECF No. 17) and the Report (ECF No. 16), the court **ACCEPTS** the Magistrate Judge's Report and Recommendation (ECF No. 16), **REVERSES** the decision of the Commissioner of Social Security Administration, and **REMANDS** the action for further administrative proceedings.

**IT IS SO ORDERED.**

United States District Judge

August 15, 2019
Columbia, South Carolina

7