**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISON**

Carol Compton,                              )          Civil Action No. 9:18-cv-1173-JMC
                                            )
                    Plaintiff,              )
        v.                                  )          **ORDER AND OPINION**
                                            )
Kilolo Kijakazi, Acting Commissioner of     )
Social Security Administration,             )
                                            )
                    Defendant.              )
                                            )
_____     )

    This matter is before the court on Plaintiff Carol Compton's ("Plaintiff") Motion for

Attorney's Fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412(d).  (ECF No.

23.)  Plaintiff's counsel ("Counsel") seeks an award of attorney's fees in the amount of $4,387.50

and expenses in the amount of $20.04.[1]  (ECF No. 25 at 6.)  Defendant filed a Response opposing

the award on the ground that "the Commissioner's position in this case was substantially justified."

(ECF No. 24 at 1.)  Plaintiff's Reply countered that the Commissioner could not demonstrate

"substantial justification," because her position during the original litigation had been rejected

numerous times by this court.  (ECF No. 25 at 3.)  Plaintiff requested the court grant the Motion

and award supplemental fees.  (*Id*. at 5-6.)

    The EAJA provides that a court shall award reasonable attorney's fees to a prevailing party

in certain civil actions against the United States unless it finds that the government's position was

substantially justified or special circumstances make an award unjust.  28 U.S.C. § 2412(d).  A

district court is accorded "substantial discretion in fixing the amount of an EAJA award but is

_____

[1] Counsel originally sought attorney's fees in the amount of $3,997.50 (ECF No. 23 at 1), but now
requests supplemental fees to account for the two hours of attorney time spent in filing a Reply to
Commissioner's Response.  (ECF No. 25.)

charged with the duty to ensure that the final award is reasonable." *Hyatt v. Barnhart*, 315 F.3d 239, 254 (4th Cir. 2002) (citing *INS v. Jean*, 496 U.S. 154, 163 (1990)).

After reviewing Plaintiff's Motion (ECF No. 23), Plaintiff's Brief in Support of the Motion (ECF No. 23-1), Plaintiff's Fee Agreement (ECF No. 23-2), Counsel's Affidavits including timesheets (ECF Nos. 23-3, 23-4), and Defendant's Response (ECF No. 24), the court finds that Counsel's request for attorney's fees is reasonable. Counsel successfully represented Plaintiff before the court, there is no evidence of substandard attorney services, and the amount of the award is not extraordinarily large in comparison to the amount of time Counsel spent on the case. (*See* ECF Nos. 24, 23-1, 23-3, 23-4.)

The only remaining issue is whether the Commissioner's position in the original case was "substantially justified." Generally, the Commissioner "has the burden of proving that [her] litigation position was substantially justified." *Crawford v. Sullivan*, 935 F.2d 655, 658 (4th Cir. 1991) (citing *Lively v. Bowen*, 858 F.2d 177, 180 (4th Cir. 1988)). The Commissioner is not "substantially justified" merely because she loses a case. *See Tyler Bus. Servs., Inc. v. NLRB*, 695 F.2d 73, 75 (4th Cir. 1982). In order to show that her litigation position was "substantially justified," the Commissioner's position must have a "reasonable basis both in law and fact."[2] *Smith v. Heckler*, 739 F.2d 144, 146 (4th Cir. 1984). With respect to a reasonable basis in law, an administrative agency is required to "follow the law of the circuit whose courts have jurisdiction over the cause of action." *Hyatt v. Heckler*, 807 F.2d 376, 379 (4th Cir. 1986). If an administrative

---

[2] While the Government is entitled to litigate reasonable positions, regardless of whether it is the prevailing party, the Government is not free to litigate an unreasonable position and masquerade it as being "substantially justified." *See Roanoke River Basin Ass'n v. Hudson*, 991 F.2d 132, 139 (4th Cir. 1993).

agency does not acquiesce to the law of the circuit, then that agency's position is "manifestly unreasonable." *Anderson v. Heckler*, 756 F.2d 1011, 1013 (4th Cir. 1985). Moreover, "[t]he government's position must be evaluated in light of the standards in existence when the decision was rendered." *Hurell v. Barnhart*, 444 F. Supp. 2d 574, 576 (D.S.C. 2006) (citing *Petrella v. Sec. of Health and Human Services*, 654 F. Supp. 174 (M.D.Pa. 1987)).

Plaintiff appealed the Commissioner's decision denying disability benefits on one ground: that the Administrative Law Judge ("ALJ") did not resolve an alleged conflict between the vocational expert's ("VE") testimony identifying jobs that Plaintiff could perform with a GED Reasoning Level of 2 and her limitation to simple, routine, tasks. (ECF No. 21 at 3.) The court determined that the ALJ did not comply with the Fourth Circuit's decision in *Thomas v. Berryhill*, 916 F.3d 307, 313 (4th Cir. 2019), "by not asking 'the VE for an explanation of how Plaintiff could perform the three jobs identified by the VE with this reasoning level requirement.'" (ECF No. 21 at 3 (citing *id.*)) The Commissioner objected that Plaintiff's circumstances were distinguishable from those at issue in *Thomas*, which addressed the conflict between a "[residual functional capacity ("RFC")] allowing short, simple instructions" and jobs requiring "detailed but uninvolved instructions." (*Id.* at 5.) The Commissioner argued that an RFC determination of "short, simple instructions" (at issue in Thomas), was different from Plaintiff's RFC allowing "simple, routine tasks." (*Id.*) Therefore, the Commissioner asserted there was no apparent conflict between the jobs identified by the VE and Plaintiff's RFC. (*Id.*)

The court rejected this argument, finding instead that "the only real difference between the two phrases [was] the word "task" versus the word "instruction." (*Id.* at 6.) Concluding that these terms were closely related, the court found "in order to complete a short, routine task, Plaintiff must also be capable of performing short, simple instructions." (*Id.*) At the time the court issued its order, the distinction between these two reasoning levels had not been addressed by the Fourth

Circuit. The Fourth Circuit had, however, indicated in a separate decision that "there is an apparent conflict between an RFC that limits [a claimant] to one-to-two step instructions and GED reasoning Code 2, which requires the ability to understand detailed instructions." *Henderson v. Colvin*, 643 F. App'x 273 (4th Cir. 2016) (unpublished). Interpreting *Henderson*, the majority of cases from this district determined that there was a conflict between GED Level 2 and a restriction to simple, routine, tasks. *See Austin v. Berryhill*, No. 1:17-cv-1797-JMC-SVH, 2018 WL 2392209, at *19 (D.S.C. Apr. 24, 2018), *report and recommendation adopted*, No. 1:17-cv-01797-JMC, 2018 WL 2389595 (D.S.C. May 24, 2018) (collecting cases and citing *Stepp v. Berryhill*, No. 1:17-cv-771-MBS-SVH, 2017 WL 6806664 (D.S.C. Dec. 6, 2017), *report and recommendation adopted*, 2018 WL 294517 (D.S.C. Jan. 3, 2018); *Piner v. Berryhill*, No. 1:17-cv-317-TMC-SVH, 2017 WL 4712084 (D.S.C. Sept. 28, 2017), *report and recommendation adopted*, 2017 WL 4682004 (D.S.C. Oct. 18, 2017); *Pressley v. Berryhill*, No. 8:16-cv-2716-BHH-JDA, 2017 WL 4174780, at *10–11 (D.S.C. Aug. 24, 2017), *report and recommendation adopted*, 2017 WL 4156460 (D.S.C. Sept. 19, 2017); *Dewalt-Gallman v. Berryhill*, No. 9:16-cv-2332-PMD-BM, 2017 WL 2257418, at *4 (D.S.C. May. 5, 2017), *report and recommendation adopted*, 2017 WL 2225133 (D.S.C. May 22, 2017); *Christopherson v. Colvin*, No. 6:15-cv-4725-JMC-KFM, 2016 WL 7223283, at *9 (D.S.C. Nov. 18, 2016))[3].

Subsequent to the court's decision in this case, the Fourth Circuit clarified the law and determined that there was no apparent conflict between an RFC limitation to "simple, routine, repetitive tasks" and "the DOT's definition of Level 2 Reasoning."[4] *Lawrence v. Saul*, 941 F.3d

---

[3] Plaintiff cites additional cases from this court which applied the reasoning in *Thomas* (applicable to "short, simple instructions") to cases involving facts similar to Plaintiff's. (ECF No. 25 at 2-3.)

[4] This court accepted the Magistrate Judge's Report and Recommendation on August 15, 2019, over two months before *Lawrence* was decided on October 24, 2019.

140, 141 (4th Cir. 2019). In doing so, the Fourth Circuit distinguished *Thomas*, and held that "short" instructions were not necessarily "simple," and did not conflict with "[GED] Level 2's notions of 'detailed but uninvolved. . . instructions' and tasks with 'a few [] variables.'" *Id*. at 143.

During the course of litigation, the overwhelming majority of cases from this district interpreted *Henderson* differently. Here, the court followed the law of this district in issuing its decision, even though the question of how circuit law applied to this narrow issue was unsettled. *See Locke v. Berryhill*, No. 6:12-cv-2751-DCN, 2017 WL 4812592 at *3 (D.S.C. Oct. 25, 2017) ("Certainly, when governing law is actually unclear this court agrees that it is more likely to find that the government's position is substantially justified. But historically, courts within this district have been quite clear in interpreting [the Fourth Circuit precedent], the law in this District is not uncertain, and so the position of the losing party is not substantially justified, and so EAJA fees are payable."). Applying this reasoning, the court finds that in light of the "standards in existence when the decision was rendered," *Hurell*, 444 F. Supp. 2d at 576, the Commissioner's position was not substantially justified.

Moreover, the court's order elaborates that if the ALJ failed to clarify the degree of detail Plaintiff needed to carry out instructions, then "the ALJ failed to address the kind of instructions Plaintiff was capable of performing, and, therefore, the ALJ failed to fully develop the record." (ECF No. 21 at 6.) This too, indicates the Commissioner's overarching position that the ALJ's decision was supported by substantial evidence was not substantially justified in light of the record. Accordingly, the court rejects the Commissioner's misplaced reliance upon Fourth Circuit precedent not yet decided at the time of this litigation, and finds that the Commissioner has not carried her burden of showing that her litigation position was "substantially justified."

After reviewing Plaintiff's Motion and Defendant's Response, the court finds that the request for attorney's fees is reasonable and that Plaintiff is entitled to an award of attorney's fees

under the EAJA in the requested amount.[5]  In accordance with *Astrue v. Ratliff*, 560 U.S. 586 (2010), EAJA fees awarded by this court belong to the litigant and are subject to the Treasury Offset Program, 31 U.S.C. § 3716 (2006).  Therefore, the court directs that the fees be payable to Plaintiff and delivered to Counsel.  The amount of attorney's fees payable to Counsel will be the balance of attorney's fees remaining after subtracting the amount of Plaintiff's outstanding federal debt.  *See* 31 U.S.C. § 3716.  If Plaintiff's outstanding federal debt exceeds the amount of attorney's fees, the amount of attorney's fees will be used to offset Plaintiff's federal debt and no attorney's fees shall be paid.

The court **GRANTS** Plaintiff's Motion for Attorney's Fees (ECF No. 23) and awards Plaintiff the originally requested amount of $3,997.50 in attorney's fees and $20.04 in expenses.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

January 14, 2022
Columbia, South Carolina

---

[5] The court denies Plaintiff's request for supplemental fees.  While the Commissioner's position in the original litigation was not substantially justified in light of existing district law, the court does not find that supplemental fees are appropriate here.  Supplemental fees are not awarded as a matter of course.  "To hold otherwise would 'chill' the United States from opposing any EAJA award or contesting the amount requested."  *Scott v. Sullivan*, 729 F. Supp. 39, 40 (E.D. Va. 1989).  Moreover, the court notes "[r]eplies to responses are discouraged" under the local rules, and at any rate, Plaintiff's Reply was filed on December 3, 2019, three (3) business days after the deadline to respond had passed.  Local Rule 7.07 (D.S.C.); *see also Taylor v. Colvin*, No. 1:11-cv-1834-MGL, 2013 WL 1867339, at *1 (D.S.C. May 3, 2013).